**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Taryn Christian,

        Plaintiff,

v.

CoreCivic, et al.,

        Defendants.

No. CV-21-00733-PHX-DWL

**ORDER**

Pending before the Court are two matters related to service of Esparza, the sole remaining Defendant in this action—Magistrate Judge Willett's report and recommendation ("R&R") recommending the without-prejudice dismissal of Plaintiff's claims against Esparza for failure to serve (Doc. 139) and Plaintiff's appeal of Judge Willett's decision to deny his motion to serve Esparza by publication (Doc. 141).[1]  For the following reasons, the Court denies Plaintiff's appeal and adopts the R&R.

## BACKGROUND

On April 26, 2021, Plaintiff filed the complaint.  (Doc. 1.)

On July 12, 2021, the Court dismissed the complaint for failure to state a claim with leave to amend.  (Doc. 6.)

On August 2, 2021, Plaintiff filed the First Amended Complaint ("FAC").  (Doc. 7.)

---

[1]    Also pending is Plaintiff's motion for reconsideration of the January 12, 2024 order granting summary judgment to all other Defendants.  (Doc. 140.)  That motion will be resolved by separate order in due course.

On September 3, 2021, the Court ordered, *inter alia*, that Plaintiff had 120 days in which to discover the identity of a defendant identified in the FAC as "Trinity Food Service Supervisor Unknown" and to file a notice of substitution to substitute that defendant's actual name.  (Doc. 8.)  The Court also referred this action to Judge Willett for all pretrial proceedings.  (*Id.*)

On December 7, 2021, Judge Willett issued a scheduling order, setting all case deadlines in 2022.  (Doc. 14.)

On December 27, 2021, Plaintiff filed a motion to substitute "Trinity Food Service Supervisor Esparza" for "Trinity Food Service Supervisor Unknown" and requested a subpoena.  (Doc. 15.)

On January 11, 2022, Judge Willett granted the motion, substituted Esparza for the previously unknown defendant, directed the Clerk to send subpoenas to Plaintiff, ordered Plaintiff to complete the subpoenas so as to request "documents that would contain a current work and/or home address" for Esparza, and ordered the U.S. Marshals Service ("USMS") to serve the completed subpoenas.  (Doc. 17.)

On January 25, 2022, Plaintiff provided USMS with filled-out subpoena forms that sought to serve "Trinity Food Service Supervisor Esparza,"[2] but USMS issued a notice of deficiency explaining that the forms could not be processed because Plaintiff had not provided a service address.  (Docs. 21, 21-1.)

The docket indicates (via an unnumbered entry) that on February 2, 2022, Plaintiff provided amended service packets.

On February 14, 2022, USMS filed a process receipt indicating that one of Plaintiff's amended subpoenas had been served on February 8, 2022.  (Doc. 23.)  The top of the form indicated that Plaintiff had provided the following address for "Trinity Food Services Group": 477 Commerce Blvd., Oldsmar, FL 34677.  (*Id.* at 1.)  However, the

---

[2]      This presumably reflected confusion on Plaintiff's part—Plaintiff was serving a subpoena to produce information as to Esparza's location, which could then be used to serve process on Esparza.  Plaintiff should have sought this information from Trinity Services Group, Inc., not from Esparza, so designating Esparza as the subpoena recipient was erroneous.

proof of service indicated that the USMS had served "Trinity Food Services Group c/o CT Corp. Systems" at a different address in Plantation, Florida.  (*Id.* at 3.)

On March 14, 2022, Plaintiff filed a motion for a court order requiring Defendants to provide an address for "Trinity Food Services Group, Inc."  (Doc. 29.)  Plaintiff explained: "A 'Google' search provided an address [for "Trinity Food Service Headquarters"] in Florida.  This information was provided to the Marshal's office . . . .  I have [now] received a letter from 'C T Corporation' stating: 'C T Corporation is not the registered agent for an entity by the name of Trinity Services Group, Inc.'  It is unknown if the Marshals made a mistake in serving or if the information on the Google search was incorrect."  (*Id.*)

On March 30, 2022, Judge Willett denied Plaintiff's motion without prejudice, noting that USMS had served Plaintiff's subpoena on "CT Corp. Systems" instead of serving Trinity Food Services Group and that CT Corp. Systems was not Trinity Food Services Group's statutory agent.  (Doc. 38.)  Judge Willett directed USMS to "reattempt service of Plaintiff's subpoena duces tecum on Trinity Services Group, Inc." and extended the service deadline as to Esparza to May 23, 2022.  (*Id.*)

On April 5, 2022, USMS filed a process receipt indicating that, once again, it had served CT Corp. Systems at the Plantation, Florida address instead of effecting service at the Oldsmar, Florida address Plaintiff had provided.  (Doc. 39.)

On July 11, 2022, Plaintiff filed a motion to compel contact information for Esparza and another defendant.  (Doc. 52.)  Plaintiff stated, in relevant part:

> Plaintiff previously requested of this court to order Trinity Food Services to provide the contact information of former Trinity worker "Esparza."  That request was denied by this court.  The Marshals office has attempted to serve "Esparza" twice with no success.  Plaintiff makes a second request of this court to order Trinity Food Services to provide all relevant information of the former Saguaro Kitchen worker "Esparza" so that he may be served with these proceedings.

(*Id.*)

On August 12, 2022, Judge Willett denied Plaintiff's request but ordered the Clerk to send him more blank subpoenas so as to afford him "the opportunity to continue to

search for the correct service address for Trinity Food Services Group," noting that "in another case before the District of Arizona, Trinity Services Group, Inc. was served via Cogency Global Inc. at 300 W. Clarendon Ave, Suite 240, Phoenix, AZ 85013.  The Court does not represent that the above is a correct service address for Trinity Food Services Group."  (Doc. 55 at 3 & n.1.)  Judge Willett extended the deadline to serve Esparza to October 14, 2022.  (*Id.* at 4.)

On August 29, 2022, Plaintiff provided new filled-out service packets using the Phoenix service address that Judge Willett had provided.  (Doc. 56 at 2; Doc. 56-1 at 2.)

On September 15, 2022, Judge Willett issued an order indicating that Plaintiff had filled out the subpoenas incorrectly and ordering the Clerk to send more blank subpoenas to Plaintiff.  (Doc. 57.)

On September 16, 2022, the Clerk sent Plaintiff new subpoenas, and on September 26, 2022, the Clerk received the service documents that Plaintiff filled out and sent back.  (Doc. 58.)  Those documents again used the Phoenix address that Judge Willett had provided.  (Doc. 58 at 1; Doc. 58-1 at 1.)

On October 4, 2022, upon request of one of the Defendants, Judge Willett extended the discovery and dispositive motions deadlines into 2023.  (Doc. 60.)

On November 2, 2022, USMS filed a process receipt docketed as "SERVICE EXECUTED filed by Taryn Christian: USMS Process Receipt and Return re: Subpoena to Produce Documents, Information etc. upon Esparza."  (Docs. 63, 64.)  The receipt indicates that Plaintiff's subpoena was served at the Phoenix address Judge Willett had previously provided and was received by "Scott Boyer, Agent."  (*Id.*)

On November 14, 2022, Judge Willett ordered as follows:

> On September 15, 2022, the Court directed the Clerk of Court to resend Plaintiff two blank subpoenas duces tecum so that Plaintiff could correct the deficiencies with respect to the subpoenas duces tecum previously returned to the Court.  Plaintiff returned the subpoenas, and the Clerk of Court forwarded them to the United States Marshals Service.  The subpoenas were returned to the Court.  Upon review, the Court finds that Plaintiff made a good faith effort to properly complete the subpoenas.  In light of the leniency to be afforded to pro se incarcerated plaintiffs, and utilizing the same service address contained in the subpoenas returned by Plaintiff,

**IT IS ORDERED** that pursuant to the subpoena power of the Court, that within **twenty days** of the filing of this Order, Trinity Services Group Inc. shall file with the Court the last known addresses of Defendant Esparza and Defendant Margaret Giunta.  If the last known address is a home address, such filing shall be **UNDER SEAL AND *EX PARTE***.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward a copy of this Order to Trinity Services Group Inc. c/o Cogency Global Inc. at 300 W. Clarendon Ave, Suite 240, Phoenix, AZ 85013.

**IT IS FURTHER ORDERED** that upon the filing of Defendants Esparza and Giunta's last known addresses, the Clerk of Court is directed to complete service packets for Defendants Esparza and Giunta and forward them to the United States Marshals Service.

**IT IS FURTHER ORDERED** extending the service deadline as to Defendants Esparza and Giunta to January 13, 2023.

(Doc. 65.)

On December 5, 2022, Defendant "Unknown Pitz" filed a sealed *ex parte* response to Judge Willett's November 14, 2022 order.  (Doc. 66.)  The response stated that "[u]pon current information and belief," Defendant Esparza "may refer to a former employee, Robert Esparza," and included Esparza's last known address.  (*Id.* at 1.)

On January 3, 2023, USMS filed a process receipt indicating it had been unable to serve Esparza because it was "unable to acquire accurate information regarding identity or location of party to be served."  (Doc. 68.)  In the area of the form used to indicate the addressee and address, the form provided: "Unknown Esparza, *Address provided under seal*."  (*Id.*)

On January 27, 2023, Judge Willett ordered the Clerk to provide Plaintiff with another blank subpoena "to conduct any discovery of Trinity Services Group, Inc. that Plaintiff deems appropriate to discover the proper name of the individual listed in the Complain as 'unknown Esparza' to be served upon counsel for Trinity Services Group, Inc." and extended the deadline to serve Esparza to March 15, 2023.  (Doc. 73.)

On March 6, 2023, the Clerk received from Plaintiff a filled-out subpoena form requesting that Randy Aoyama ("Aoyama"), who was identified as "counsel for Trinity Services Group, Inc.," provide "any and all information relating to former Trinity worker Robert Esparza such as driver's license info, home address, phone number, the name of his

other employment – Esparza also worked at a pizza store while employed with Trinity, middle name, etc." (Doc. 76 at 1, cleaned up.)

On March 7, 2023, Judge Willett ordered the Clerk of Court "to (i) indicate on the subpoena duces tecum that the requested information is to be filed with the Court ex parte and under seal no later than fourteen days from the date of service and (ii) forward the subpoena to the United States Marshals Service for service" and extended the deadline to serve Esparza to May 8, 2023. (Doc. 77.)

On March 21, 2023, Plaintiff's requested subpoena ("the March 2023 subpoena") was served on Aoyama. (Doc. 78.)

On April 4, 2023, Aoyama responded to the subpoena by writing a letter to Plaintiff in which he raised certain objections and then certified that, "[w]ithout waiving these objections, please note that I do not possess any non-privileged documents or information that is responsive to the subpoena." (Doc. 128 at 6.)

On April 26, 2023, the served defendants filed motions for summary judgment. (Docs. 81, 85.)

On August 15, 2023, Judge Willett ordered Plaintiff to show cause why Esparza should not be dismissed for failure to timely serve process. (Doc. 124.)

On September 5, 2023, Plaintiff filed a response to the order to show cause. (Doc. 128.) First, Plaintiff asserted (incorrectly) that he had already served Esparza by virtue of the subpoena that was served on Trinity Food Services (via the address that Judge Willett had previously provided) in November 2022. (*Id.* at 1.) Next, Plaintiff noted that Aoyama had been served with the March 2023 subpoena, accused Aoyama of raising his objections in a procedurally improper manner ("Aoyama . . . needs to make his objection to the court"), and argued that Aoyama had otherwise failed to comply with the March 2023 subpoena ("Aoyama has refused to comply"). (*Id.* at 1-2.) Next, Plaintiff asked the Court to compel Aoyama "to provide the information listed in the subpoena." (*Id.* at 2.) Finally, Plaintiff requested that the Court "consider serving a subpoena through the U.S. Marshals to: Robert Esparza" at an address for Esparza in Casa Grande, Arizona that Plaintiff had

"located through a private investigator."  (*Id.*)

On September 13, 2023, Judge Willett ordered that the show-cause order was discharged.  (Doc. 130.)  Judge Willett denied Plaintiff's request to require "that Trinity counsel provide the information listed in the [March 2023] subpoena" because "[i]ncluding the request in Plaintiff's Response to the Order to Show Cause is procedurally improper."  (*Id.* at 1.)  Judge Willett also sustained Aoyama objections[3] to the subpoena.  (*Id.* at 2.)  Finally, Judge Willett ordered USMS to attempt to serve "Richard" Esparza at the Casa Grande address that Plaintiff had located through a private investigator and extended the service deadline for Esparza to October 31, 2023.  (*Id.*)

On November 3, 2023, USMS filed a process receipt indicating that the attempt to serve "Richard" Esparza at the Casa Grande address had failed and that "per residents [at the] listed address, Esparza doesn't reside there."  (Doc. 131.)

On November 20, 2023, Plaintiff filed a motion for a court order requiring "Trinity Services Group" to provide information responsive to the March 2023 subpoena.  (Doc. 132.)

On December 4, 2023, Trinity Services Group, Inc. objected, noting that on December 5, 2022, it filed (under seal) a response to Judge Willett's November 14, 2022 order.  (Doc. 133.)

On December 20, 2023, Judge Willett denied Plaintiff's motion to compel compliance with the March 2023 subpoena and ordered Plaintiff to show cause why Esparza should not be dismissed for failure to timely serve.  (Doc. 135.)

On January 5, 2024,[4] Plaintiff filed a motion seeking leave to serve Esparza by publication.  (Doc. 136.)

On January 12, 2024, the Court granted both motions for summary judgment and

---

[3]     In the April 4, 2023 letter, Aoyoma wrote: "I object because I am an attorney and requesting information regarding employees or pending litigation from me directly in a matter in which I do not represent the entity is inappropriate and subject to attorney-client privilege.  Without waiving these objections, please note that I do not possess any non-privileged documents or information that is responsive to the subpoena."  (Doc. 128 at 6.)

[4]     The motion is dated January 1, 2024.

1    dismissed all Defendants except Esparza.  (Doc. 137.)

2         On January 18, 2024, Judge Willett denied Plaintiff's motion for leave to serve

3    Esparza by publication (Doc. 138) and issued an R&R recommending that the Court

4    dismiss Plaintiff's claim against Esparza without prejudice for failure to serve (Doc. 139).

5         On February 5, 2024, Plaintiff filed a motion for reconsideration of the summary

6    judgment order (Doc. 140) and an appeal of Judge Willett's denial of his motion to serve

7    Esparza by publication (Doc. 141).

8                                    **DISCUSSION**

9    I.    <u>R&R</u>

10        As a preliminary matter, although Plaintiff did not file objections to the R&R, his

11   appeal of Judge Willett's decision to deny his motion to serve Esparza by publication could,

12   if construed liberally, also be viewed as an objection to the R&R's recommendation that

13   Esparza be dismissed for failure to serve.

14        Any such objection is overruled.  This case has been pending for nearly three years

15   and Plaintiff's claims against all other defendants have now gone through the discovery

16   process and been rejected at summary judgment.  Despite that, Plaintiffs still has not served

17   Esparza, even though Judge Willett made extensive efforts to accommodate Plaintiff's

18   attempts to discover Esparza's address and serve Esparza, including authorizing multiple

19   extensions of the service deadline.  Indeed, after Plaintiff's initial attempts to discover

20   Esparza's address via subpoena proved unsuccessful, Judge Willett went out of her way to

21   provide Plaintiff with the correct service address for Trinity Food Services Group.  As a

22   result, in December 2022, Trinity Food Services Group provided, in a sealed *ex parte* filing,

23   Esparza's last known address.  Unfortunately, in January 2023, USMS stated it was unable

24   to serve Esparza using that information.  Judge Willett then authorized Plaintiff to pursue

25   additional means of locating and serving Esparza, but those attempts—including issuing a

26   subpoena to Aoyama for information regarding Esparza and attempting to serve Esparza at

27   a Casa Grande address obtained by Plaintiff's private investigator—again proved

28   unsuccessful.

Even though Plaintiff is not responsible for some of the service-related delays in this case, the bottom line is that "it is ultimately Plaintiff's responsibility to provide [Esparza's] proper address to the United States Marshal Service in order to effectuate service." *Johnson v. Clark*, 2013 WL 646022, *5 (D. Ariz. 2013) (citations omitted). *See also Allen v. Comm'r of Ariz. State Prison*, 2014 WL 2435685, *3 (D. Ariz. 2014) ("[I]it remains Plaintiff's responsibility to provide the United States Marshal with accurate and sufficient information to effect service."). Because so much time has now elapsed, additional extensions of the service deadline would be prejudicial to Esparza. The Court also notes that Plaintiff has forfeited any objection to the R&R's discretionary analysis under Rule 4(m) by not specifically objecting to that analysis. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013).

II.     Service By Publication

Judge Willett denied Plaintiff's motion to serve Esparza by publication for two reasons: (1) "Plaintiff has provided no evidence to the Court that he has the resources to serve Defendant Esparza by publication"; and (2) "Plaintiff's Motion . . . is not supported by an affidavit setting forth Plaintiff's 'reasonably diligent efforts' to serve Defendant Esparza as required by Arizona Rule of Civil Procedure 4.1(l)(1)(C)." (Doc. 138 at 2, emphasis omitted.)

In his appeal, Plaintiff attempts to address the first reason by arguing that he "will pay any fees associated with service by publication either from his inmate account or by his immediate family (who is willing to pay the service fee)." (Doc. 141 at 3.) As for the second reason, Plaintiff encloses a form entitled "Affidavit" that summarizes some of his prior attempts to locate and serve Esparza. (*Id.*) However, that document is not signed under penalty of perjury.

Plaintiff's objections are overruled. Judge Willett correctly found that Plaintiff had not provided the affidavit required by Arizona law, and even though Plaintiff has now belatedly attempted to remedy that omission by providing an "Affidavit" as an attachment

to his objections, it remains non-complaint because it is not signed under penalty of perjury. Separately, and more broadly, any request for permission to serve by publication is moot because the service deadline has already expired and Judge Willett's recommendation to order dismissal as a result of Plaintiff's failure to effect timely service is being adopted here.

Accordingly,

**IT IS ORDERED** that:

1.     The R&R (Doc. 139) is **adopted**.   Plaintiff's claims against Defendant Esparza are dismissed without prejudice for failure to effect timely service.

2.     Plaintiff's appeal (Doc. 141) is **denied**.

3.     Because all of Plaintiff's claims in this action have now been dismissed, the Clerk shall enter judgment accordingly and terminate this action (although Plaintiff's motion for reconsideration at Doc. 140 remains pending).

Dated this 28th day of February, 2024.

Dominic W. Lanza
United States District Judge